# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID DANIEL COUTU, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) Civil Action No.<br>) 17-10702-FDS |
| COMMONWEALTH OF<br>MASSACHUSETTS, et al., | )<br>)<br>)<br>) |
| Respondents. | )<br>) |

## ORDER ON RESPONDENT'S MOTION FOR AN ORDER
## DIRECTING COMPLIANCE WITH RULE 2(c) OF THE
## RULES GOVERNING SECTION 2254 CASES

**SAYLOR, J.**

This is a *pro se* petition for a writ of habeas corpus by a prisoner in state custody. Following a jury trial, petitioner David Daniel Coutu was convicted on August 10, 2007, of aggravated rape, home invasion, mayhem, assault and battery with a dangerous weapon causing bodily injury, armed robbery, kidnapping, and attempt to burn personal property. He was sentenced to a term of imprisonment of 35 to 40 years. He now seeks habeas relief pursuant to 28 U.S.C. § 2254.

Respondents have moved for an order directing compliance with Rule 2(c) of the Rules Governing Section 2254 Cases. Rule 2(c) states that the petition must:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner has filed a petition using the standardized form for a petition under 28 U.S.C. § 2254. However, he has left a critical component of that form blank. Specifically, petitioner failed to write anything under ¶ 12, which provides a space to state the grounds upon which habeas relief is requested. Instead, in the margin of the form, he wrote, "[t]he issue I want Raised, SEE: ATTACHED Paper." However, no attachments were filed with the form petition. Based on the petition filed, the Court cannot understand the nature of petitioner's claims. Accordingly, the petition fails to adhere to the requirements of Rule 2(c) in multiple respects.

Rule 12 of the Rules Governing Section 2254 Cases states that the "Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." The Court will therefore treat respondent's motion to order compliance with Rule 2(c) as a motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(e) (a party may move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response"). Accordingly, respondents' motion will be granted.

For the foregoing reasons, respondents' motion for an order directing compliance with Rule 2(c) of the Rules Governing Section 2254 cases is GRANTED. Plaintiff is hereby ORDERED to file a more definite statement adhering to the standard-form petition required by Rule 2(c) within 42 days of this order, on or before July 13, 2016.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: June 1, 2017                United States District Judge