# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| DAVID DANIEL COUTU, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 17-10702-FDS |
| | ) | |
| COMMONWEALTH OF MASSACHUSETTS and ATTORNEY GENERAL MAURA HEALEY, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER ON RESPONDENTS' MOTION TO DISMISS

**SAYLOR, J.**

This is a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). Petitioner was convicted by a jury in 2007 of aggravated rape, home invasion, and mayhem, among other things. Respondents the Commonwealth of Massachusetts and Attorney General Maura Healey have filed a motion to dismiss on the ground that at least one of petitioner's claims is unexhausted.[1] For the reasons given below, that motion will be granted.

## I. Background

### A. Factual Background

The facts of the crimes for which petitioner was convicted are set out in detail in the first decision by the Appeals Court. *Commonwealth v. Coutu*, 88 Mass. App. Ct. 686 (2015).

In brief, petitioner broke into the victim's apartment through a hole in the wall from the

---

[1] The named respondents are almost certainly incorrect; the proper respondent is the warden of the institution in which the petitioner is incarcerated.

apartment next door in the early morning of March 9, 2006. *Id.* at 689-90. The victim heard noises and got up to find him going through a chest of drawers. *Id.* at 688. He tied her to the bed, and then beat and raped her with a crowbar. *Id.* at 688-89. The victim blacked out. When she came to, she smelled smoke and saw a box stuck in the hole in the wall on fire. *Id.* at 689. The wounds to the victim's face were so severe that she required plastic surgery, and "her vagina and rectal areas, were 'completely macerated'" such that "[h]er 'normal anatomy could not be identified.'" *Id.* Among other evidence, the crowbar with the victim's blood on it was found under petitioner's bed. *Id.* at 691. Blue jeans, also with the victim's blood on them, and with wallboard chips in the pockets matching the wallboard of the hole in the victim's wall, were found in the basement of petitioner's apartment building. *Id.*

**B.     Procedural Background**

Petitioner was convicted by a jury in 2007 of aggravated rape, home invasion, mayhem, assault and battery by means of a dangerous weapon causing serious bodily injury, armed robbery, kidnapping, and attempt to burn personal property. *Coutu*, 88 Mass. App. at 687. The Appeals Court of Massachusetts reversed the convictions for assault and battery by means of a dangerous weapon causing serious bodily injury and attempt to burn personal property, but affirmed the other convictions. *Id.*

Both petitioner and the Commonwealth filed applications for leave to obtain further appellate review ("ALOFAR") with the Supreme Judicial Court. The SJC denied petitioner's application outright. *Commonwealth v. Coutu*, 474 Mass. 1103 (2016). It denied the Commonwealth's application without prejudice specifically as to the reversal of petitioner's conviction for attempt to burn personal property, and remanded the issue to the Appeals Court for reconsideration in light of the SJC's then-recent decision in *Commonwealth v. Labrie*, 473 Mass. 754 (2016). *Coutu*, 747 Mass. 1103. On remand, on September 15, 2016, the Appeals

2

Court reinstated petitioner's conviction for attempt to burn personal property. *Commonwealth v. Coutu*, 90 Mass. App. Ct. 227, 228 (2016). According to the petition, defendant was sentenced to a prison term of 35 to 40 years. (Am. Pet. at 2).

Petitioner timely filed his petition for habeas relief on April 21, 2017. However, he left Question 12, which required him to "state every ground on which [he] claim[ed] that [he was] being held in violation of the Constitution, laws or treaties of the United States," blank. (Pet. at 6). Respondents filed a motion for an order requiring petitioner to comply with Rule 2(c), which, among other things, requires the petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. The Court granted that motion.

Petitioner then filed some exhibits and a letter that still did not clearly identify his grounds for relief. The Court granted respondent's second motion for a more definite statement, and petitioner filed an amended petition on December 29, 2017.

The amended petition recites the following grounds for relief:

GROUND ONE: Amendment V(5) I beli[e]ve, it's printed: nor be deprived of life, liberty or property, without due process of law.

(a) Supporting facts: The panel of three appellate justices had not read, nor listened to the individually submitted appellate briefs and appellate counsel's words durring [sic] my safeguard for justice to prevail. (A safety net) The appeal was not accurately vetted, to properly evaluate. The prosecution biasness was easily seen to hold unjustified weight that carried over to the tribunal. (73 attorneys confirmed).

. . . .

GROUND TWO:

(a) Supporting Facts: I have a copy of seventy three attorneys that defended my appellate counsel. There—as I believe it also defends me as well it shows the appellate tribunes bias, prejudice against me the defendant, unfair practice, there—as I feel my due process had suffered abandonment. (I never did or would of committed this crime I've been convicted for.)

3

> . . . .
>
> GROUND THREE: I'm not sure if one of these next two issues are ground three or not. Hole in wall or rape kit fingernails.
>
> (a) Supporting facts: First of the two, "two separate experts in their field of profession" had declared its impossible for the defendant David Coutu, to have through such a small hole broken in a wall to of gained access to the victim's apartment to where the crime occurred, or the second issue was the Commonwea[l]th protested and appealed the allowance of the victim's fingernail DNA to be tested. They combined there appeal with my-own appeal. Even though trial testimony, the victim dug at his hands. DNA not mine and the male DNA on the weapon not mine, and blue jean pants have DNA not mine, and the[i]r male DNA on the pants not reported to the jury.

(Am. Pet. at 6-10) (errors in original). It appears that Grounds 1 and 2 are essentially the same ground, and the Court will treat them together.

Respondents filed a motion to dismiss the amended petition on March 26, 2018, contending that petitioner's claims have not been exhausted. Petitioner's response does not address exhaustion, but rather points out alleged factual errors in the Appeals Court's rulings.

## II.  <u>Standard of Review</u>

Before applying for a writ of habeas corpus, a petitioner must exhaust his available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). Specifically, the petitioner must demonstrate that he has "exhausted his state remedies by having first presented the federal constitutional issue to the state courts for their decision." *Goodrich v. Hall*, 448 F.3d 45, 47 (1st Cir. 2006). Where a claim raised in a petition for a writ of habeas corpus is unexhausted, "'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)).

For a claim to be exhausted, the claim must have been fairly presented to the state's highest tribunal. *Baldwin v. Reese*, 541 U.S. 27, 30-32 (2004); *Adelson v. DiPaola*, 131 F.3d

259, 263 (1st Cir. 1997). The petitioner "'bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim.'" *Coningford v. Rhode Island*, 640 F.3d 478, 482 (1st Cir. 2011) (alteration in original) (quoting *Adelson*, 131 F.3d at 262). In particular, he "must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." *Clements v. Maloney*, 485 F.3d 158, 162 (1st Cir. 2007) (quoting *Casella v. Clemons*, 207 F.3d 18, 20 (1st Cir. 2000)) (internal quotation marks omitted).

Additionally, the Supreme Court has established that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "Federal courts sitting in habeas must accept state court rulings on state law issues." *Rodriguez v. Spencer*, 412 F.3d 29, 37 (1st Cir. 2005).

## III. Analysis

### A. Grounds 1 and 2

Grounds 1 and 2 allege that the Appeals Court panel was biased against petitioner, and that the bias violated his right to due process. In support, petitioner cites to a letter to the Chief Justice of the Appeals Court from seventy-three criminal defense attorneys who came to the defense of petitioner's lawyer, who was—wrongfully, according to the letter—accused in footnotes 2 and 10 of the opinion of having made misrepresentations to the court. (Docket No. 8 at 1-7); *see Coutu*, 88 Mass. App. at 692 n.2, 700 n.10.

Petitioner's ALOFAR did not fairly present that issue to the Supreme Judicial Court, and certainly did not present it in such a way as to alert that court to the existence of a federal question.

5

In a footnote to his ALOFAR, petitioner complained that Appeals Court "fail[ed] to note the jury acquitted Coutu of three counts of aggravated rape" and recited facts related to those counts as if they had been found by the jury. (Resp't's Mot. to Dismiss Ex. B at 2 n.3). He then stated "it is Coutu's position the Opinion presents and unfair and biased account of the record of his case." (*Id.*). A later footnote complained that the Appeals Court took the facts word-for-word from the Commonwealth's brief, which contained inaccuracies, and that "reinforce[d] Coutu's feelings of being denied review of his appellate claims by a fair and impartial tribunal." (*Id.* Ex. B at 3 n.5). The ALOFAR did not, however, allege that any of that was a violation of due process. It did not even make a conclusory reference to the Constitution, or allege that it affected the outcome of his appeal.

Another footnote to the ALOFAR continued in that vein:

> David Coutu wants this Court to know he is extremely upset about the numerous factual inaccuracies and material omissions in the Appeals Court's Opinion. He is the most bothered by the Court's refusal to report the DNA findings in this case accurately. Under section (f) of its Opinion, the Court misstates what the DNA evidence in this case showed by directly quoting from the misstatement in the ADA's Brief, which is a material misstatement of the trial record. The DNA evidence shows, at a minimum, there is an unknown person's DNA on the jeans. Coutu is only a potential contributor if there are three people's DNA on those jeans. This is an aspect of the evidence consistent with actual innocence and his defense of frame. When the Court fails to accurately report and include in a published Opinion evidence in the record supportive of a defense of misidentification and with actual innocence, it engages in a practice of judicial suppression of evidence. Compare Sespedes, 442 Mass. 95 (2004) and FAR75-94 (Appeals Court engaged in "appellate factfinding", also a problem in this case, discussed in further detail under Issue IV, *infra*.)

(Resp't's Mot. to Dismiss Ex. B at 18 n.14). Again, while potentially alleging bias, it did not allege a federal or constitutional violation. The only case cited, *Commonwealth v. Sespedes*, 442 Mass. 95 (2004), is a state case that does not purport to decide any federal or constitutional issue.

The Court can discern no other part of petitioner's ALOFAR that might bear on his due-process claims. Because petitioner did not fairly present a due-process claim to the SJC, that

6

ground is unexhausted, and the Court may not consider its merits. 28 U.S.C. § 2254(b)(1)(A).

B. **Ground 3**

Ground 3 in effect asserts two grounds. First, petitioner appears to argue that he deserved a new trial to allow a jury to hear certain post-conviction evidence tending to show that he could not have fit through the hole in the wall of the victim's apartment. Second, it appears that the victim's finger swabs were never tested for DNA, and petitioner successfully argued to the Appeals Court that they should have been. *Coutu*, 88 Mass. App. at 703 ("We therefore afford the defendant the opportunity for testing despite the strength of the Commonwealth's case, and our affirmance of his convictions."). It is unclear whether that testing ever took place or what the results were.

The petition does not even purport to state a federal constitutional claim arising out of what appear to be state evidentiary rulings, one of which was in his favor. The memorandum in opposition to the motion to dismiss likewise does not raise a federal claim. And both of these issues were addressed by the Appeals Court solely in terms of state law. *See Coutu*, 88 Mass. App. Ct. at 698-700, 702-03. Ground 3 is therefore not appropriate for habeas review and must be dismissed. *See Estelle v. McGuire*, 502 U.S. at 68.[2]

C. **Actual Innocence**

In several places in his petition, his memorandum in opposition to respondent's motion to dismiss, and his ALOFAR, petitioner asserts that he is innocent. Although typically raised in connection with procedural default, the First Circuit has stated that "[t]here may be an exception to the exhaustion bar for cases involving colorable claims of actual innocence." *Coningford*, 640

---

[2] It may be, as respondent alleges, that these grounds for relief have also not been exhausted, but the Court need not decide that question.

F.3d at 482 n.2. But "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). To prove actual innocence, the petitioner must show that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Petitioner specifically contends that he is innocent in connection with his claims in Grounds 1 and 2. However, he does not show how the alleged bias of the Appeals Court, which forms the basis of those claims, resulted in his wrongful conviction. To the extent he is claiming that his actual innocence is relevant to Ground 3, even if true, that ground does not purport to establish a federal or constitutional claim. *Herrera*, 506 U.S. at 404. Therefore, any allegation of actual innocence is not a reason for this case to go forward.

## IV. Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED.

**So Ordered.**

Dated: May 29, 2018

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
United States District Judge